IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

UNITED STATES OF AMERICA

v.

HENRY JOSEPH STEVENS (01)

No. 7:20-CR-024-O

## PLEA AGREEMENT WITH WAIVER OF APPEAL

Henry Joseph Stevens ("the defendant"), the defendant's attorney, and the United States of America ("the government"), agree as follows:

1.   **Rights of the Defendant**:   The defendant understands that he has the right:

    a.    to plead not guilty;

    b.    to have a trial by jury;

    c.    to have his guilt proven beyond a reasonable doubt;

    d.    to confront and cross-examine witnesses and to call witnesses in his defense; and

    e.    against compelled self-incrimination.

2.   **Waiver of rights and plea of guilty**:   The defendant waives these rights, waives any defenses he may have based on any statute of limitations, and pleads guilty to the offense alleged in Count One, charging a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2), that is possession of a firearm by a convicted felon.   The defendant understands the nature and elements of the crime to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

**Plea Agreement - Page 1**

3.   **Sentence**:   The maximum penalties the Court can impose are as follows:

   a.   Imprisonment for a period not more than 10 years;

   b.   A fine not to exceed $250,000 or both a fine and imprisonment;

   c.   A supervised-release term of a maximum of 3 years.   If the defendant violates any of the supervised-release conditions, the Court may revoke such term of supervised release and require the defendant to serve an additional period of confinement;

   d.   A $100 mandatory special assessment;

   e.   Forfeiture of firearms and ammunition; and

   f.   Restitution to any victims.

Under 18 U.S.C. § 924(e), if the Court finds at the time of sentencing that the defendant has three previous convictions for a violent felony or a serious drug offense, or both, the maximum penalty is enhanced to include:

   a.   Imprisonment for not less than 15 years and a maximum of Life; and

   b.   A supervised-release term not to exceed five (5) years, which may be mandatory under law and will follow any imprisonment term. If the defendant violates any of the supervised-release conditions, he could be imprisoned for the entire supervised-release term, resulting in an additional period of confinement.

4.   **Court's sentencing discretion and role of the Guidelines**:   The defendant understands that the sentence in this case will be imposed by the Court after consideration of the United States Sentencing Guidelines.   The guidelines are not binding on the Court, but are advisory only.   The defendant has reviewed the guidelines with his attorney, but understands no one can predict with certainty the outcome of the Curt's consideration of the guidelines in this case.   The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in

Plea Agreement - Page 2

the discretion of the Court, and he will not be allowed to withdraw his plea if his sentence is higher than expected.

5.      **Immigration consequences:**   The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States.   Under federal law, a broad range of crimes are removable offenses.   The defendant understands this may include the offense to which he is pleading guilty, and for purposes of this plea agreement, the defendant assumes the offense is a removable offense.   Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status.   The defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that the defendant's plea of guilty may entail, even if the consequence is the defendant's automatic removal from the United States.

6.      **Forfeiture of Property**:   The defendant agrees not to contest, challenge, or appeal in any way the administrative or judicial (civil or criminal) forfeiture to the United States of any property noted as subject to forfeiture in the Indictment/Information and in any bills of particulars, or seized or restrained by law enforcement officers during the investigation(s) related to this criminal cause.   The defendant consents to entry of any orders or declarations of forfeiture regarding all such property and waives any applicable statutes of limitation, and any requirements (including notice of forfeiture) set

**Plea Agreement - Page 3**

out in 19 U.S.C. §§ 1607-1609; 18 U.S.C. §§ 981, 983, and 985; the Code of Federal

Regulations; and Rules 11, 32.2, and 43(a) of the Federal Rules of Criminal Procedure.

The defendant agrees to provide truthful information and evidence necessary for the

government to forfeit such property.   The defendant agrees to hold the government, its

officers, agents, and employees harmless from any claims whatsoever in connection with

the seizure, forfeiture, storage, or disposal of such property.

7.   **Defendant's testimony**:   The defendant is not obligated by this

agreement to testify in any criminal proceeding related to this case, nor is the defendant

required to provide testimony concerning any other criminal offenses about which he has

knowledge.   If he chooses to do so, however, his testimony must be complete and

truthful.   Incomplete or dishonest testimony will be a breach of this agreement.

8.   **Government's agreement**:   The government will not bring any

additional charges against the defendant based upon the conduct underlying and related to

the defendant's plea of guilty and will move to dismiss, at sentencing, any remaining

counts other than those to which the defendant is pleading guilty.

9.   **Violation of agreement**:   The defendant understands that if he violates

any provision of this agreement, or if his guilty plea is vacated or withdrawn, the

government will be free from any obligations of the agreement and free to prosecute the

defendant for all offenses of which it has knowledge.   In such event, the defendant

waives any objections based upon delay in prosecution.   If the plea is vacated or

withdrawn for any reason other than a finding that it was involuntary, the defendant also

waives objection to the use against him of any information or statements he has provided to the government, and any resulting leads.

10.    **Voluntary plea**:    This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement.    There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11.    **Representation of counsel**:    The defendant has thoroughly reviewed all legal and factual aspects of this case with his lawyer and is fully satisfied with that lawyer's legal representation.    The defendant has received from his lawyer explanations satisfactory to him concerning each paragraph of this plea agreement, each of his rights affected by this agreement, and the alternatives available to him other than entering into this agreement.    Because he concedes that he is guilty, and after conferring with his lawyer, the defendant has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

12.    **Waiver of right to appeal or otherwise challenge sentence**:    The defendant waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine, order of restitution, and order of forfeiture.    The defendant further waives his right to contest his conviction, sentence, fine, order of restitution, and order of forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255.    The defendant, however, reserves the rights to bring (a) a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing; (b) to challenge the voluntariness of

this plea of guilty or this waiver; and (c) to bring a claim of ineffective assistance of counsel.

13.   **Limitation of Agreement**:   This agreement is limited to the United States Attorney's Office for the Northern District of Texas and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property.

14.   **Entirety of agreement**:   This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 29 day of June , 2020.

ERIN NEALY COX
UNITED STATES ATTORNEY

_____
HENRY JOSEPH STEVENS
Defendant

_____
ROBERT J. BOUDREAU
Assistant United States Attorney
New York State Bar No. 4686507
Burnett Plaza, Suite 1700
801 Cherry Street, Unit #4
Fort Worth, Texas 76102
Telephone:   817.252.5200
Facsimile:   817.978.3094

_____
BRUCE HARRIS
Attorney for Defendant

_____ for
ALEX C. LEWIS
Deputy Criminal Chief

Plea Agreement - Page 6

I have read (or had read to me) this Plea Agreement and have carefully reviewed every part of it with my attorney.   I fully understand it and voluntarily agree to it.


_____                _6/29/2020_____
HENRY JOSEPH STEVENS                Date


I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.


_____                _6-29-20_____
BRUCE HARRIS                              Date
Attorney for Defendant


**Plea Agreement - Page 7**